Per Curiam.
 

 James Lewis, chairman of the Board of Trustees for Carrick Academy, brought an action of debt against George and Henshaw, in the Circuit Court of Franklin County. The declaration is in the usual form, not stating that S. George signed the bond by attorney. The defendant craved oyer of the bond, which is set forth in the record, and it'is stated therein that Solomon George, by Phoebe George, and W. Henshaw are bound, &c. The condition sets forth, that S. George, by Phoebe George, had rented 36 acres of school land, and on certain conditions by him to be performed, the * bond to be void. It is signed thus : Solomon George (seal) by Phoebe George ; William Henshaw (seal).
 

 
 *464
 
 The defendant demurred, and as causes of demurrer stated, first, because by the plaintiff’s own showing, the writing obligatory declared on is not signed or sealed by S. George, or any person legally authorized by him; secondly, he does not show that Phoebe George was authorized to sign for Solomon ; thirdly, because he does not show she was authorized to rent the land for Solomon; fourthly, a variance between the writing declared on and that produced. In the former he is charged as liable by his own act; in the latter by the act of Phoebe George, if liable at all; fifthly, the defendant Henshaw is not liable, being joined with parties not bound by the contract; sixthly, the declaration is informal and unsubstantial. The demurrer was overruled, a writ of inquiry was awarded, and a jury at the next term assessed damages to $200. Judgment was rendered for the debt in the declaration mentioned, to be discharged by the payment of $200, the damages assessed by the jury. The defendant prayed a writ of error, and assigned for error the same causes as set forth in his demurrer.
 

 A bond upon oyer becomes part of the declaration (1 Saund. Rep. 317; Doug. 476, 477, 3 edition; Carthew, 513; 6 Mod. 27, 237); and then if it show a good cause of action it must be denied or avoided; for if the defendant demur which confesses the declaration, judgment must be for the plaintiff. Upon oyer had, the defendant is apprised fully of the mode of execution intended to be established by proof, and can no longer complain of uncertainty or variance, having before him the very instrument
 
 verbatim ;
 
 it shows an execution by A B as attorney for O D, and enables him to call'in question the authority given to the attorney upon
 
 non est factum.
 
 Then here the demurrer.is bad, for upon the whole declaration, including * the bond and condition set out upon oyer, it is plain that there is a debt due and unpaid. The declaration then also shows lands rented to George through the agency of Phoebe, which fact will also stand or fall by the plea of
 
 non est factum,
 
 for the writing states that fact, and if genuine, proves it undeniably. And there is no variance, for the former part of the declaration is explained by the latter part containing the bond set out
 
 verbatim ;
 
 at first it is a bond executed by A B, at last by A B by his attorney, reducing to a certainty that which was before doubtful as to the mode of execution. Henshaw, on this view of the case, is joined with parties liable ; the contrary supposition is incorrect. Here is
 
 *465
 
 a substantial declaration, and after a general demurrer the court is bound not to regard formalities.
 

 Affirm the judgment of the Circuit Court.
 

 See
 
 Gratz
 
 v.
 
 Stump,
 
 Cooke, 494;
 
 Payton
 
 v.
 
 Trigg,
 
 4 Hay. 250;
 
 Smith
 
 v.
 
 Eubanks,
 
 9 Yer. 20;
 
 Michie
 
 v.
 
 Governor,
 
 4 Hum. 486;
 
 Smith
 
 v.
 
 Crosswhite,
 
 5 Hum. 59;
 
 Copeland v. May,
 
 1 Tenn. 391;
 
 Wood
 
 v.
 
 Hancock,
 
 4 Hum. 465;
 
 Harvey
 
 v.
 
 Goodrum,
 
 9 Yer. 273;
 
 McConnell
 
 v.
 
 Read,
 
 Mar. & Yer. 224;
 
 Haley
 
 v.
 
 Long,
 
 Peck, 93;
 
 Degraffenreid
 
 v.
 
 Mays,
 
 6 Yer. 465;
 
 Jones
 
 v.
 
 Simmons,
 
 4 Hum. 314;
 
 Martin
 
 v.
 
 Bank of Tenn.,
 
 2 Cold. 332; King’s Digest, 6168, 9109, 9207
 
 et seq.